**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 13-cv-03256-RM-MJW

HANNAH SHELBY STAUFFER,
COLORADO MEDICAL BILLING CORPORATION,
STAUFFER SCHOOLS, INC. and
KIDS CAMPS, INC. (nonprofit corp.),

Plaintiffs,

v.

JOLENE C. BLAIR,
DANIEL KAUP,
KAREN E. HAYES, D.O.,
A WOMAN'S PLACE OF FORT COLLINS, P.L.L.P.,
PETER DUSBABEK,
TODD VRIESMAN,
MONTGOMERGY, KOLODNY, AMATUZIO & DUSABEK, L.L.P.,
J. BRADFORD MARCH, III,
MARCH, OLIVE, & PHARRIS, L.L.P.,
CHERYL TRINE,
CHERYL TRINE LAW FIRM, LLC,
CHRISTINE SKORBERT, and
A WOMAN'S HEALING CENTER, LLC.,

Defendants.

---

**ORDER ADOPTING RECOMMENDATIONS (ECF No. 8) AND OVERRULING
PLAINTIFFS' OBJECTIONS (ECF Nos. 9, 11, 12, 17, 18, & 19)**

---

This matter is before the Court on United States Magistrate Judge Michael J. Watanabe's

recommendation (the "Recommendation") (ECF No. 8) that this Court deny Plaintiffs' Fed. R.

Civ. P. Rule 60(b)(4) Motion Collaterally Attacking *Void* Colorado State Court Judgment for

Lack of Jurisdiction Over Plaintiffs (ECF No. 3); that Plaintiffs' Complaint be dismissed *sua*

*sponte*, and final judgment enter dismissing this action and all claims therein with prejudice; and

that the Court consider imposing a sanction upon the Plaintiffs pursuant to Rule 11 of the Federal

Rules of Civil Procedure. (*Id.*).  Plaintiffs have filed numerous documents containing objections

to Judge Watanabe's Recommendation.  (ECF Nos. 9, 11, 12, & 17) (collectively, the

"Objections").  For the reasons below, the Objections are OVERRULED and the

Recommendation is ADOPTED.

## I. LEGAL STANDARD

### A.      Review of Magistrate's Report and Recommendation

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule

of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of

the magistrate judge's [recommendation] that has been properly objected to."   In conducting its

review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive

further evidence; or return the matter to the magistrate judge with instructions."   Fed. R. Civ. P.

72(b)(3).   An objection is proper if it is filed timely in accordance with the Federal Rules of

Civil Procedure and specific enough to let the "district judge…focus attention on those issues—

factual and legal—that are at the heart of the parties' dispute."   *United States v. 2121 E. 30th St.*,

73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

### B.      *Pro se* plaintiff standard

Plaintiffs are proceeding *pro se*; thus, the Court must liberally construe their pleadings.

*Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).   The Court, however, cannot act as advocate for

Plaintiffs, who must still comply with the fundamental requirements of the Federal Rules of Civil

Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

###### C.     *Res judicata* **bars the re-litigation of cases dismissed with prejudice**

A dismissal with prejudice is a decision on the merits and is a bar to a further action

under the doctrine of *res judicata. Mars v. McDougal*, 40 F.2d 247, 249 (10th Cir. 1930).

###### D.     *Rooker-Feldman* **doctrine**

The *Rooker-Feldman* doctrine is a jurisdictional prohibition based on 28 U.S.C. § 1257

which holds that federal review of state court judgments may be obtained only in the United

States Supreme Court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia*

*Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine applies to bar

"a party losing in state court . . . from seeking what in substance would be appellate review of the

state judgment in a United States district court, based on the losing party's claim that the state

judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005–06

(1994). In other words, it applies to "cases brought by state-court losers complaining of injuries

caused by state court judgments rendered before the district court proceedings commenced and

inviting district court review and rejection of those judgments. *Exxon Mobil Corp. v. Saudi*

*Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

## II. PROCEDURAL HISTORY AND ANALYSIS

On November 29, 2013, Plaintiffs filed "Fed. R. Civ. P. Rule 60(b)(4) Motion

Collaterally Attacking *Void* Colorado State Court Judgment for Lack of Jurisdiction Over

Plaintiffs." (ECF No. 3). In that motion, Plaintiffs state they are collaterally attacking a state

court judgment dated December 19, 2007, in District Case No. 03-cv-1729 in Larimer County.

They assert, among other things, that the *Rooker-Feldman* doctrine (hereinafter, "*Rooker-Feldman*") is inapplicable "to this and all other actions by Plaintiffs/Nonparties" and that the doctrine of *res judicata* is also inapplicable. (See ECF No. 8 at 2).  In addition, they contend that two prior actions in this court, civil action Nos. 12-cv-01702-WYD-MJW and 11-cv-02389-WYD-MJW, are null and void.  (*Id*).  Judge Watanabe recommended denying this Motion.

Since Judge Watanabe issued his recommendation, Plaintiffs have filed six documents that one can interpret as stating objections: a corrected motion collaterally attacking void Colorado State Court judgment (ECF No. 9); the objection to the Recommendation filed by Plaintiff Hannah Shelby Stauffer (ECF No. 11); the objection the Recommendation filed by John Stauffer (ECF No. 12); the objection to the Recommendation filed by Plaintiffs Hannah Shelby Stauffer, John Stauffer (ECF No. 17); the Request for a Ruling from Judge Moore on the motion collaterally attacking void Colorado State Court judgment (ECF No. 9) by Plaintiffs Hannah Shelby Stauffer, John Stauffer (ECF No. 18); the supplement/amendment to the motion collaterally attacking void Colorado State Court judgment (ECF No. 9) for Order by Plaintiffs Hannah Shelby Stauffer. (ECF No. 19).  Plaintiffs set forth their objections comprehensively and most intelligibly in John Stauffer's Objection (ECF No. 12, hereinafter the "John Stauffer Objection").  The other filings by Plaintiffs do not raise novel claims that are both germane to the Recommendation and distinct from the John Stauffer Objection.  (ECF No. 12).

The John Stauffer Objection lays out the following enumerated objections: (I) that the Colorado state court judgment dated December 19, 2007 is void for lack of subject matter and personal jurisdiction over the parties; (II) Plaintiffs' Fifth Amendment "due process" right to be represented by an attorney of their choice has been violated since December 19, 2007; (III)

Plaintiffs may raise the "state court void judgment issue" collaterally until the district court rules on it; (IV) the *Rooker-Feldman* doctrine is "completely inapplicable" to this and all other actions by Plaintiffs; (V) *res judicata* is "completely inapplicable" to Plaintiffs' action because its three requirements were not present; (VI) the prior civil actions  involving these Plaintiffs (Nos. 12-cv-1702 and 11-cv-2389) are void; (VII) there was not the required prior notice and hearing before deprivation of Plaintiffs' property; and (VIII) claim preclusion/*res judicata* applied to Defendants' asserted claims in the state court post-judgment proceeding.

Having carefully reviewed the record, the controlling case law, and the Objections, the Court agrees with Magistrate Judge Watanabe's Recommendation.  The Court will analyze each objection raised in the John Stauffer Objection.  (ECF No. 12).  As objections I, II, III, VI, VII and VIII, deal with the *Rooker-Feldman* doctrine, the Court will address them together. Objection V deals with *res judicata* and the Court will address it separately.  The Court will not address the trusteeship argument raised within objection VI, as it is not specific to any finding in Judge Watanabe's recommendation

### A.      Objection four and related *Rooker-Feldman* barred objections (one, two, three, six, seven, and eight)

For the third time before this Court, Plaintiffs allege the Court's misapplication of the *Rooker-Feldman* doctrine to their claims. In the Recommendation and in the previous cases *Rooker-Feldman* was correctly applied.  Plaintiffs are now "rehashing the same [*Rooker-Feldman*] claims" that Judge Daniel dismissed a year ago in 12-cv-01702 (See Docket No. 16 in that case, Order on Recommendation to Dismiss Case) and 11-cv-02389. The essential point Plaintiffs seem continually incapable of grasping is that federal courts below the Supreme Court are not appeals courts for state court decisions.  *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413

(1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Plaintiffs'

*Rooker-Feldman* arguments have "been thoroughly considered and rejected in the earlier-filed

cases," the Court will not entertain Plaintiffs' *Rooker-Feldman* arguments again. This Court

previously ruled upon them correctly, and now adopts the Recommendation, and overrules

objection four.

 Relatedly, a ruling by this Court on objections one, two, three, six, seven, and eight

would all violate *Rooker-Feldman*. This Court can address these objections only if it has subject

matter jurisdiction over this case. Inquiring into whether Plaintiffs' due process rights were

violated at the state court level, the validity of the judgment, and whether *res judicata* applied at

the state level would necessarily implicate the merits of the state court's decision. (See ECF No.

126 at 10 in 11-cv-02389-WYD-MJW "[i]f the court were to consider plaintiffs' arguments, the

court would be forced to directly consider the merits of actions taken by the state trial court").

As established in Plaintiffs' two previous cases, *Rooker-Feldman* bars the Court from doing that

here. Thus, in addition to objection four, objections one, two, three, six, seven, and eight are also

overruled.

 **B.**  **Objection five—*res judicata* is inapplicable with respect to plaintiffs' first case, 11-cv-2389**

 Plaintiffs also allege that since their earlier case, number 11-cv-2389, was dismissed

without prejudice, *res judicata* is inapplicable in the present case. (ECF No. 12 at 2). However,

they neglect to mention that 12-cv-1702, which raised "the same" (by the Plaintiffs' own

admission) claims as 11-cv-2389, was dismissed by Judge Daniel *with* prejudice. (See ECF No.

16 at 2 in 12-cv-1702). Claims dismissed with prejudice are barred under the doctrine of *res*

*judicata*. *Mars v. McDougal*, 40 F.2d 247, 249 (10th Cir. 1930) (A dismissal with prejudice is a

decision on the merits and is a bar to a further action under the doctrine of *res judicata*); see also *Mitchell v. KDJM-FM*, 405 Fed. App'x 267, (10th Cir. 2010) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.,* 531 U.S. 497, 506 (2001) "[T]he effect of the 'adjudication upon the merits' default provision of Rule 41(b) ... is simply that, unlike a dismissal 'without prejudice,' the dismissal in the present case barred refiling of the same claim in the [same court]") (case was dismissed with prejudice)).  Plaintiffs' second case (12-cv-1701) makes the same allegations as the first (11-cv-2389) and was dismissed with prejudice.  As Plaintiffs are now again making the same arguments a third time after a dismissal with prejudice, *res judicata* bars the claim and the objection is overruled.

**C.    Plaintiffs' trusteeship claim (within objection six) will not be considered by this Court**

Plaintiffs allege that in 12-cv-1702 trustees could not bring that action on behalf of minors and business entities on appeal in the Tenth Circuit.  (ECF No. 12 at 13).  This objection is not specific to any finding in Judge Watanabe's recommendation, and the Court will therefore not consider it. See *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (An objection is proper if it is filed timely in accordance with the Federal Rules of Civil Procedure and specific enough to let the "district judge…focus attention on those issues—factual and legal—that are at the heart of the parties' dispute").  This objection is overruled.

**D.    Judge Watanabe's recommendation that this court impose Rule 11 sanctions on Plaintiffs**

Judge Watanabe recommended that this Court direct the Plaintiffs to show cause as to why they should not be sanctioned based on a violation of Fed. R. Civ. P. 11(b)(2).  Judge Watanabe calls Plaintiffs filings in this matter as "groundless and frivolous." (ECF No. 8 at 3).

Specifically, Judge Watanabe points out that after Plaintiffs' appeal of 12-cv-0172 was dismissed by the Tenth Circuit Court of Appeals for lack of prosecution, Plaintiffs simply filed the instant action six months later rather than prosecuting the appeal. (*Id.*). Judge Watanabe is right to say that "such a tactic should not be tolerated." (ECF No. 8 at 3). However, at this stage, the Court declines to impose sanctions. Though, this is not to say that Plaintiffs have done nothing wrong. They should consider themselves warned that filing these repetitive claims again in this Court will likely lead to sanctions.

## IV.     CONCLUSION

For the reasons stated in Judge Watanabe's recommendation, this Court

(1) DENIES Plaintiffs' subject motion (ECF No. 3), overrules their objections (ECF Nos. 9, 11, 12, & 17).

(2) DISMISSES this action *sua sponte* under the doctrines of *Rooker-Feldman* and *res judicata*.

DATED this 15th day of January, 2015.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge