**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 13-cv-03256-RM-MJW

HANNAH SHELBY STAUFFER,
COLORADO MEDICAL BILLING CORPORATION,
STAUFFER SCHOOLS, INC. and
KIDS CAMPS, INC. (nonprofit corp.),

Plaintiffs,

v.

JOLENE C. BLAIR,
DANIEL KAUP,
KAREN E. HAYES, D.O.,
A WOMAN'S PLACE OF FORT COLLINS, P.L.L.P.,
PETER DUSBABEK,
TODD VRIESMAN,
MONTGOMERGY, KOLODNY, AMATUZIO & DUSABEK, L.L.P.,
J. BRADFORD MARCH, III,
MARCH, OLIVE, & PHARRIS, L.L.P.,
CHERYL TRINE,
CHERYL TRINE LAW FIRM, LLC,
CHRISTINE SKORBERT, and
A WOMAN'S HEALING CENTER, LLC.,

Defendants.

---

**ORDER DENYING PLAINTIFFS' MOTIONS**

---

Plaintiffs appearing *pro se,* have eight motions currently before this court. (ECF No. 28; 29; 30; 31; 32; 33; 34 and 35). Currently, Plaintiffs move the court pursuant to: Fed.R.Civ.P. 60(b)(4), to "reject[] Judge Watanabe's *Recommendations,"* and revers[e] its *Final Judgment* . .

. .
" (ECF No.28 and 29); Fed.R.Civ.P. 59(a)(4) and Fed.R.Civ.P. 59(a)(2), for a "Judgment Notwithstanding the Verdict and an Amendment of Judgment" (ECF No.30 and 31);"request[] specific findings of fact and rulings of law on the Fed.R.Civ.P. 60(b)(4) motion" (ECF No.32 and 33) and "request[] both a new magistrate and a new judge" (ECF No.34 and 35).

## I.   PROCEDURAL HISTORY

Plaintiffs have filed a total of three cases with this court.  (*See* No.11-cv-02389-WYD-MJW; No.12-cv-01702-WYD-MJW and No.13-cv-03256-RM-MJW).  After careful review and consideration of the extensive court file, this court in an order dated January 15, 2015, adopted Magistrate Judge Watanabe's recommendations (ECF No.8), and dismissed the instant complaint.  (ECF No.20).  The court found that: (1) plaintiffs had not filed any proof of service on any named defendants and (2) plaintiffs were re-litigating the same claims that had been considered and dismissed in the previous cases.  (ECF No.8 and ECF No.20).  In other words, all three cases filed by plaintiffs stemmed from plaintiffs' attempts to overturn the outcome of a jury trial (Larimer County Case No. 03-CV-1729), and the subsequent judgment which the state court appointed receiver executed against them.

As a result, on January 27, 2015, judgement was entered in favor of Defendants Jolene C. Blair, Daniel Kaup, Karen E. Hayes, D.O., A Woman's Place of Fort Collins, P.L.L.P.; Peter Dusbabek; Todd Vriesman; Montgomery, Kolodny, Amatuzio & Dusbabek, L.L.P.; J. Bradford March, III; March, Olive & Pharris, L.L.P.; Cheryl Trine; Cheryl Trine Law Firm, LLC; Christine Skorberg; and A Woman's Healing Center, LLC, and against Plaintiffs Hannah Shelby Stauffer, Colorado Medical Billing Corporation, Stauffer Schools, Inc., and Kids Camps, Inc.. (ECF No.22).

## II. DISCUSSION

### A. Full Faith and Credit

It is well settled that the full faith and credit provision of 28 U.S.C. § 1738 (1982), requires federal courts to give a state-court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered. *Migra v. Warren City Distr Board of Ed.,* 465 US 75, 82-83 (1984). In this matter, the Colorado Court of Appeals affirmed the trial court's post-judgment orders on February 18, 2010, and on September 13, 2010, the Colorado Supreme Court denied plaintiffs' petition for certiorari.

Plaintiffs argue that the state court lacked both subject matter and personal jurisdiction over them. (*See e.g.,* ECF No. 28 and 29*).* However, there is nothing in the concept of due process which demands that a defendant be afforded a second opportunity to litigate what s/he has already had a full and fair opportunity to litigate. *Kremer v. Chem. Contr. Corp.,* 456 US 461, 483, n.24 (1982). This includes the procedural requirements of due process such as the existence of jurisdiction. *Id.*

### B. Rooker-Feldman Doctrine

The Rooker-Feldman doctrine precludes federal district courts from reviewing cases such as the instant matter, which are brought by state-court losers complaining of injuries caused by state court judgments and inviting the district court to reject that judgment. *Exxon Mobil Corp. v. Saudi Basic Industr. Corp.,* 544 U.S. 280, 284 (2005). Because plaintiffs sought (and continue to seek), to reverse state-court proceedings, this court appropriately dismissed the case for, *inter alia,* lack of jurisdiction under the Rooker-Feldman doctrine. (ECF No.20).

### C.     Fed.R.Civ.P. 60(b)(4)

Fed.R.Civ.P. 60(b)(4) provides for relief from a judgment or order that is void. Plaintiffs contend that the state court's judgment is void because of lack of jurisdiction. (ECF No.3). This court determined that plaintiffs' argument is precluded by the legal principle of *res judicata* or claim preclusion.

When applying the principles of preclusion, a federal district court must grant a state court judgment the same preclusive effect as the state in which the judgment was rendered. *Allen v. McCurry*, 449 U.S. 90, 96 (1980). Colorado law is therefore dispositive here.

To be final under Colorado law, a judgment must not be tentative, the parties must have had an opportunity to be heard, and there must have been an opportunity for review. *Carpenter v. Young ex rel Young,* 773 P.2d 561 568 (Colo 1989). Accordingly, finality means that certiorari must have been resolved or the time to file an appeal must have passed. *Barnett v. Eleite Properties of Am. Inc.,* 252 P.3d 14, 22(Colo. App. 2010). In this instance, the contested order was final in September 2010, when the Colorado Supreme Court denied certiorari to the Plaintiffs' petition from the Colorado Court of Appeals. Additionally, to the extent that this case is duplicative of matters litigated in No.11-cv-02389-WYD-MJW and No.12-cv-01702-WYD-MJW, it is precluded by the judgment in those cases as well.

### IV     CONCLUSION

For the reasons stated above, plaintiffs' motions (ECF Nos. 28 and 29), under Fed.R.Civ.P. 60(b)(4) are DENIED; Plaintiffs' Motions for Post-trial Relief Pursuant to Fed.R.Civ.P. 59(a)(2) Judgment Notwithstanding the Verdict and 59(a)(4) Amendment of

Judgment (ECF Nos. 30 and 31), are DENIED; Plaintiffs' Requests for Findings of Fact and Rulings of Law (ECF Nos. 32 and 33) are DENIED as moot and Plaintiffs' Requests for New Magistrate and New Judge (ECF Nos. 34 and 35) are DENIED.

IT IS SO ORDERED.

DATED this 13th day of May 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge